FILED: AUGUST 13, 2012

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4113
(5:10-cr-00172-F-1)

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

BARTOLO GONZALEZ, a/k/a Bartolo Gonzalez-Saenz, a/k/a Arturo Gonzalez,

        Defendant - Appellant.

O R D E R

Bartolo Gonzalez seeks to appeal the district court's criminal judgment. Counsel for Gonzalez has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that no meritorious issues exist for appeal, but questioning whether Gonzalez knowingly and intelligently waived his right to appeal and whether the district court effectively informed Gonzalez of his

constitutional rights during the Fed. R. Crim. P. 11 hearing.  The Government has moved to dismiss Gonzalez's appeal as untimely filed.[1]

In criminal cases, a defendant must file his notice of appeal within fourteen days after the entry of judgment.  Fed. R. App. P. 4(b)(1)(A)(i).  With or without a motion, however, a district court may grant an extension of time to file a notice of appeal of up to thirty days upon a showing of excusable neglect or good cause.  Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on November 23, 2011, and the fourteen-day appeal period expired on Wednesday, December 7, 2011.  See Fed. R. App. P. 26(a)(1).  Gonzalez's notice of appeal was filed, at the earliest, on January 27, 2012, fifty-one days outside the appeal period.  See Houston v. Lack, 487 U.S. 266, 276 (1988).  By order dated February 14, 2012, the district court denied Gonzalez's motion to appeal out of time as untimely.

Because Gonzalez's notice of appeal is untimely and the Government has seasonably sought dismissal, we decline to consider Gonzalez's appeal and grant the Government's motion to dismiss.  See United States v. Mitchell, 518 F.3d 740, 744 (10th Cir. 2008) (stating that the time limitations imposed by Fed. R.

---

[1] The Government does not seek to enforce the waiver provision in Gonzalez's plea agreement.

2

App. 4(b)(4) "must be enforced by th[e] court when properly invoked by the government").[2]

Entered at the direction of the panel: Judge Wilkinson, Judge Thacker and Senior Judge Hamilton.

For the Court

/s/ Patricia S. Connor, Clerk

---

[2] Although Gonzalez has asserted that he made a timely request to his trial counsel to file a notice of appeal and that his attorney failed to do so, the available record does not allow for consideration of this claim. Rather, should Gonzalez be so advised, he may pursue this issue in a timely motion filed pursuant to 28 U.S.C.A. § 2255 (Supp. 2011).