IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00172-F-1
No. 5:13-CV-00159-F

| | | |
|---|---|---|
| BARTOLO GONZALEZ, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Reconsider or Clarify

[DE-123] the court's September 16, 2015 Order [DE-121]. In the Government's motion, it

notes as follows:

> Although the Court found in favor of Respondent on Petitioner's consultation claim,
> the Court did not explicitly find whether counsel had an obligation to consult with
> Petitioner regarding an appeal. As a result, Respondent respectfully asks the Court
> to make two determinations: (1) whether a rational defendant would want to appeal
> from Petitioner's judgment; and (2) whether this particular defendant reasonably
> demonstrated to counsel that he was interested in appealing.

Gov't's Mem. in Supp. [DE-124] at 3. Because the court believes that further clarification is

warranted, the Government's Motion to Reconsider or Clarify is ALLOWED to the extent that

the court will clarify its September 16, 2015 Order.

## I. Applicable Legal Standard

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court discussed an

attorney's obligation to consult with his client about an appeal. The Court noted as follows:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an
> appeal when there is reason to think either (1) that a rational defendant would want
> to appeal (for example because there are nonfrivolous grounds for appeal), or (2) that
> this particular defendant reasonably demonstrated to counsel that he was interested

in appealing.

*Flores-Ortega*, 528 U.S. at 480. In evaluating whether an attorney had a constitutional duty to consult,

> the Court [in *Flores-Ortega*] indicated that several factors were relevant, including whether the conviction followed a trial or guilty plea. In cases involving guilty pleas, the Court instructed lower courts to consider whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived appeal rights.

*United States v. Poindexter*, 492 F.3d 263, 268 (4th Cir. 2007) (internal quotation marks and citation omitted).

The Fourth Circuit Court of Appeals recently held that even when a defendant agrees to an appeal waiver, an attorney still owes the defendant effective representation as to a potential appeal. *United States v. Gonzalez*, 570 F. App'x. 330, 337 (4th Cir. 2014). Effective representation under this circumstance specifically includes the following: "(1) filing a timely notice of appeal if requested to do so, and (2) consultation regarding an appeal whether or not instructed to file an appeal when there are nonfrivolous grounds for appeal or when the defendant demonstrates a mere interest in appealing." *Id.* (citing *Flores-Ortega*, 528 U.S. at 480, *United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007)). Even if a petitioner successfully shows that his attorney failed to consult regarding an appeal and should have done so, he must also show prejudice to "demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484; *see also United States v. Cooper*, 617 F.3d 307, 315 (4th Cir. 2010).

2

## II. Discussion

### A. A rational defendant would not have wanted to appeal from Gonzalez's judgment.

Bartolo Gonzalez entered into a plea agreement with the Government that included an

appellate waiver through which he agreed

> [t]o waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing . . . excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement [DE-50] at 1-2; *see Poindexter*, 492 F.3d at 268 (noting that whether a defendant

was convicted following a guilty plea and whether the plea contained an appeal waiver were

factors to be considered when determining whether an attorney had a constitutional duty to

consult). Moreover, the sentence Gonzalez received was at the bottom end of his advisory

guideline range as calculated at sentencing.[1] *See* Judgment [DE-61]; November 9, 2011

Transcript [DE-72] at 20. Finally, according to Gonzalez's attorney, Robert Ramos, there were

no meritorious grounds for an appeal. *See* March 25, 2015 Transcript [DE-119] at 32.

The court fails to discern any nonfrivolous grounds upon which Gonzalez could have

appealed his sentence. Gonzalez's sentence was not in excess of his advisory guideline range as

established at sentencing, and therefore, an appeal was waived pursuant to his plea agreement.

Consequently, the court concludes that a rational defendant would not have wanted to appeal

from Gonzalez's judgment.

---

[1] At Gonzalez's sentencing hearing, his advisory guideline range was calculated as 292-365 months. *See* November 9, 2011 Transcript [DE-72] at 20.

3

**B. Gonzalez did not reasonably demonstrate to counsel that he was interested in appealing.**

Gonzalez's claim that he reasonably demonstrated to counsel that he was interested in appealing is based upon his allegations that he directed his daughter, Carla Gonzalez, to tell his attorney, Robert Ramos, to file a notice of appeal, and his daughter directed Ramos to file a notice of appeal in their meeting that followed sentencing. As this court explained in its September 16, 2015 Order, these allegations are not credible and are at odds with Ramos's credible testimony that he never received a direct instruction from either Gonzalez or his family to file a notice of appeal. September 16, 2015 Order [DE-121] at 25-27. According to Ramos's credible testimony, the subject of an appeal came up in his meeting with Gonzalez's family following sentencing, and he explained to them that the plea required Gonzalez to waive any appellate rights. *See* March 25, 2015 Transcript [DE-119] at 29-30. According to Ramos, the family seemed a little disappointed, but they never said that in spite of the plea agreement Gonzalez wanted to file an appeal. *Id.* at 30. Gonzalez testified unequivocally that Gonzalez's family never specifically instructed him to file a notice of appeal. *Id.*

The mere fact that the subject of an appeal came up in Ramos's meeting with Gonzalez's family following sentencing does not rise to the level of establishing that Gonzalez demonstrated that he was interested in appealing. Accordingly, the court concludes that Gonzalez did not reasonably demonstrate to his attorney that he was interested in appealing.

### III. Conclusion

As set forth above, the Government's Motion to Reconsider or Clarify [DE-123] is

4

ALLOWED to the extent that the court has clarified its September 16, 2015 Order.[2]

SO ORDERED.

This __1__ day of October, 2015.

_James C. Fox_

JAMES C. FOX
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] This clarification in no way alters the holdings of the court's September 16, 2015 Order [DE-121].